United States District Court
Middle District of Florida
Jacksonville Division

**STEVEN BARFIELD,**

    *Plaintiff,*

v.                                                                                   NO. 3:14-CV-1031-J-PDB

**CSX TRANSPORTATION, INC.,**

    *Defendants.*

---

## Order Granting in Part Motion for Taxation of Costs

Following partial summary judgment, Doc. 61, and a jury verdict, Doc. 136, the clerk entered final judgment in favor of CSX Transportation, Inc. ("CSXT"), and against Steven Barfield, Doc. 138. Before the Court is CSXT's motion under Federal Rule of Civil Procedure 54(d)(1) to allow $8796.51 in costs against Barfield. Docs. 139, 139-1, 139-2.[1] After CSXT filed the motion, the Court allowed Barfield's counsel to withdraw and directed Barfield to file any response by May 12, 2017. *See* Docs. 148, 149. He did not file a response.

Federal Rule of Civil Procedure 54(d)(1) codifies the "venerable presumption that prevailing parties are entitled to costs." *Marx v. Gen. Rev. Corp.*, 133 S. Ct. 1166, 1172 (2013). It provides costs "should be allowed to the prevailing party" unless federal law or a court order provides otherwise.[2] Fed. R. Civ. P. 54(d)(1).

---

[1]For any future filings, counsel is reminded Local Rule 3.01(a) requires a movant to include the request for relief and legal memorandum "in a single document."

[2]Before 2007, Rule 54(d)(1) provided "costs other than attorney's fees shall be allowed as of course to the prevailing party unless the court otherwise directs." In 2007, "shall" was replaced with "should." The 2007 amendments were "intended to be stylistic only." Fed. R. Civ. P. 54, comment (2007 amend.).

"[W]hether to award costs ultimately lies within the sound discretion of the district court." *Marx*, 133 S. Ct. at 1172. But if a court exercises its discretion to deny full costs, it "must have and state a sound basis." *Chapman v. AI Transp.*, 229 F.3d 1012, 1039 (11th Cir. 2000) (en banc).

28 U.S.C. § 1920 limits a district court's discretion under Rule 54(d)(1) by listing costs a court may allow. *Maris Distr. Co. v. Anheuser-Busch, Inc.*, 302 F.3d 1207, 1225 (11th Cir. 2002). They are:

(1) Fees of the clerk and marshal;[3]

(2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;[4]

---

[3]For "[f]ees of the … marshal," allowed costs include costs for private service of process in an amount that does not exceed what the United States Marshals Service charges. *EEOC v. W&O, Inc.*, 213 F.3d 600, 624 (11th Cir. 2000). For in-person service, the Marshals Service charges $65 an hour "plus travel costs and any other out-of-pocket expenses." 28 C.F.R. § 0.114(a)(3). "If a party seeks to recover private service fees without providing evidence of what hourly rate the private server charged, how much time he spent trying to serve process, or other information needed to determine if his rate exceeded that charged by the Marshal, then the appropriate practice is to award the lesser of the amount that the party actually paid and the minimum charge of the U.S. Marshals." *Oleksy v. Gen. Elec. Co.*, No. 06-cv-1245, 2016 WL 7217725, at *3 (N.D. Ill. Dec. 12, 2016) (unpublished) (internal quotation marks omitted).

[4]For a transcript or photocopy, whether the cost is allowed depends on whether it was reasonably necessary for the movant to obtain the transcript or copy (allowed) or the movant obtained the transcript or copy merely for convenience, to aid in thorough preparation, or for investigative purposes (not allowed). *W&O*, 213 F.3d at 620, 623. Costs for expedited transcripts are allowed if expediting them was necessary. *Maris Distr.*, 302 F.3d at 1225–26. Shipping costs for transcripts are not allowed. *Watson v. Lake Cty.*, 492 F. App'x 991, 997 (11th Cir. 2012). Courts differ on whether a court reporter's attendance fee is allowed. *Compare, e.g., PCT Int'l Inc. v. Holland Elecs. LLC*, No. CV-12-01797-PHX-JAT, 2016 WL 1392075, at *3 (D. Ariz. Apr. 8, 2016) (unpublished) (not allowed), *with Procaps v. Patheon, Inc.*, No. 12-24356-CIV-GOODMAN, 2016 WL 411017, at *3 (S.D. Fla. Feb. 2, 2016) (unpublished) (allowed). Because § 1920 allows "fees for printed or electronically recorded transcripts" but says nothing about a court reporter's fees to attend a deposition, because Congress sought to place rigid controls on cost-shifting through § 1920, *see Crawford*, 482 U.S. at 444, because the Supreme Court has interpreted § 1920 narrowly, *see Taniguchi*, 132 S. Ct. at 2002−05, and because the

(3) Fees and disbursements for printing and witnesses;[5]

(4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;[6]

(5) Docket fees under section 1923 of this title;

(6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

28 U.S.C. § 1920.

Section 1920 reflects congressional policy to place "rigid controls on cost-shifting in federal courts." *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 444 (1987). "[A]s is evident from § 1920," costs are "limited to relatively minor, incidental expenses," and "almost always amount to less than the successful litigant's

---

Eleventh Circuit has held shipping costs for transcripts are not allowed even though closely tied to the transcripts themselves, *see Watson*, 492 F. App'x at 997, the undersigned falls in the not allowed camp.

[5]"[R]ecovery of witness fees under § 1920 is strictly limited by § 1821, which authorizes travel reimbursement and a $40 per diem." *Arlington Cent. Sch. Dist. Bd. of Educ. v. Murphy*, 548 U.S. 291, 298 (2006); *see* 28 U.S.C. § 1821(b), (c)(2). Travel reimbursement is based on "the mileage allowance which the Administrator of General Services has prescribed," 28 U.S.C. § 1821(c)(2), which was $0.575 in 2015 and $0.54 in 2016, *see* U.S. Gen. Servs. Admin*., POV [Privately Owned Vehicle] Mileage Rates (Archived), available at https://www.gsa.gov/portal/content/103969* (last visited July 21, 2017).

[6]Costs for production of oversize documents and photographs are taxable if necessarily obtained for use in the case. *Arcadian Fertilizer, L.P. v. MPW Indus. Servs., Inc.*, 249 F.3d 1293, 1296 (11th Cir. 2001). Whether a cost for photocopying is allowed depends on "whether the prevailing party could have reasonably believed that it was necessary to copy the papers at issue." *W&O, Inc.*, 213 F.3d at 623. "Use of information contained in a file is not a prerequisite to finding that it was necessary to copy the file." *Id.* (internal quotation marks omitted). "Copies attributable to discovery are a category of copies recoverable under § 1920(4)." *Id.* (internal quotation marks omitted).

3

total expenses in connection with a lawsuit." *Taniguchi v. Kan Pacific Saipan, Ltd.*, 132 S. Ct. 1997, 2006 (2012) (internal quotation marks omitted).

"Items proposed by winning parties as costs should always be given careful scrutiny." *Farmer v. Arabian Am. Oil Co.*, 379 U.S. 227, 235 (1964), *disapproved of on another ground by Crawford,* 482 U.S. at 443. Once the prevailing party has shown the requested costs are allowed under § 1920, the losing party must rebut the presumption favoring their award. *Manor Healthcare Corp. v. Lomelo*, 929 F.2d 633, 639 (11th Cir. 1991). A court may decline to allow costs in § 1920 but may not allow costs not in § 1920. *Crawford*, 483 U.S. at 442.

"[G]ood faith and limited financial resources are not enough to overcome the strong presumption in favor of awarding costs to the prevailing party," *Pickett v. Iowa Beef Processors*, 149 F. App'x 831, 832 (11th Cir. 2005), and a court abuses its discretion if it considers the relative wealth of the opposing parties, *Chapman*, 229 F.3d at 1039. A court may, but need not, consider a non-prevailing party's finances. *Id.* In the "rare circumstances" in which a court does, the court may not decline to tax any costs at all. *Id.* If a court considers a non-prevailing party's finances, it must "require substantial documentation of a true inability to pay" (i.e., "clear proof of the non-prevailing party's dire financial circumstances"). *Id.*

CSXT provides an affidavit from counsel stating the costs "are correct and have necessarily been incurred in this case"; invoices for the costs; and a completed "Bill of Costs" form in which counsel verifies the statement, "I declare under penalty of perjury that the foregoing costs are correct and were necessarily incurred in this action and that the services for which fees have been charged were actually and necessarily performed." Doc. 139-2.

The following costs requested by CSXT are allowed, reduced, or not allowed. Where allowed, the costs are allowed under § 1920, the costs are supported by invoices and counsel's unrebutted affidavit and declaration under penalty of perjury that

CSXT necessarily incurred them, and Barfield has not challenged them as unreasonable. Where reduced or not allowed, insufficient details are provided to determine if the costs are allowed under § 1920, or the costs are not allowed under § 1920.

| **Marshal Fees** | | |
|---|---:|---|
| Service of summons and subpoena on James Hunt | | |
| "Rush Fee" | $250 | Reduced ($65); see 28 U.S.C. § 1920(1) and footnote 3 |
| Witness fee | $89.75 | Allowed; see 28 U.S.C. § 1920(3) and footnote 5 |
| "Charge for Check Draft" | $7.50 | Not allowed; insufficient details provided |
| **Transcript Fees[7]** | | |
| Hearing on motion to dismiss | | |
| Expedited transcript | $349.20 | Allowed; see 28 U.S.C. § 1920(2) and footnote 4 |

---

[7]CSXT used the transcripts of all depositions but Roger Doss's to support its summary-judgment motion. *See* Doc. 46 (summary-judgment motion), Doc. 46-2 (transcript of Steve Barfield's deposition), Doc. 46-7 (transcript of Natasha Barfield's deposition), Doc. 46-8 (transcript of Lewis's deposition), Doc. 46-9 (transcript of Hunt's deposition), Doc. 46-10 (transcript of Cox's deposition), Doc. 46-11 (transcript of Domiano's deposition), Doc. 46-12 (transcript of Walley's deposition), Doc. 46-13 (transcript of Rhodes's deposition), Doc. 46-14 (transcript of Brigman's deposition), Doc. 46-15 (transcript of Murray's deposition), Doc. 46-16 (transcript of Charron's deposition). On the transcript of Doss's deposition, because he was Barfield's coworker and testified favorably for Barfield, CSXT could have reasonably believed Barfield would rely on that deposition in opposing summary judgment—which he ultimately did. *See* Doc. 50 at 3–5. The transcript of the preliminary pretrial conference and hearing on CSXT's motion to dismiss was reasonably necessary for CSXT to have access to the Court's reasoning in ruling on the motion, which it explained on the record. *See* Docs. 21 (order on motion), 22 (minutes for hearing), 23 (transcript of hearing). The transcript of the final pretrial conference was reasonably necessary for CSXT to adequately prepare for trial because the Court discussed evidentiary issues, requirements of the parties, and other pretrial matters. *See* Doc. 90 (minutes).

| | | |
|---|---|---|
| **Deposition of Steve Barfield** | | |
| Transcript ($4.48/pg.) | $1155.84 | Allowed; see 28 U.S.C. § 1920(2) and footnote 4 |
| Exhibit copies (black & white) ($0.30/pg.) | $39.60 | Allowed; see 28 U.S.C. § 1920(4) and footnote 6 |
| Exhibit copies (color) ($0.90/pg.) | $5.40 | Allowed; see 28 U.S.C. § 1920(4) and footnote 6 |
| "Production and Code Compliance" (combined with Natasha Barfield's deposition) | $45 | Not allowed; insufficient details provided |
| "Word Index" (combined with Natasha Barfield's deposition) ($3.74/pg.) | $160.82 | Allowed; see 28 U.S.C. § 1920(2) and footnote 4 |
| Delivery (combined with Natasha Barfield's deposition) | $25 | Not allowed; see footnote 4 |
| Court reporter appearance fee (combined with Natasha Barfield's deposition) | $135 | Not allowed; see footnote 4 |
| **Deposition of Natasha Barfield** | | |
| Transcript ($4.48/pg.) | $197.12 | Allowed; see 28 U.S.C. § 1920(2) and footnote 4 |
| Exhibit copies (black & white) ($0.30/pg.) | $2.70 | Allowed; see 28 U.S.C. § 1920(4) and footnote 6 |
| **Deposition of William Murray** | | |
| Copy of transcript (about $4.04/pg.) | $165.55 | Allowed; see 28 U.S.C. § 1920(2) and footnote 4 |
| **Deposition of Matt Charron** | | |
| Transcript (about $3.32/pg.) | $575.10 | Allowed; see 28 U.S.C. § 1920(2) and footnote 4 |
| **Deposition of Charles Domiano** | | |
| Court reporter appearance fee | $67.50 | Not allowed; see footnote 4 |

| | | |
|---|---:|---|
| Delivery | $25 | Not allowed; see footnote 4 |
| "Production and Code Compliance" | $45 | Not allowed; insufficient details provided |
| Transcript ($3.74/pg.) | $407.66 | Allowed; see 28 U.S.C. § 1920(2) and footnote 4 |
| "Video Streaming Attendance" | $99 | Not allowed; insufficient details provided |
| **Deposition of Dennis Rhodes** | | |
| Transcript copy ($2/pg.) | $154 | Allowed; see 28 U.S.C. § 1920(2) and footnote 4 |
| Exhibit copies ($0.25/pg.) | $20.25 | Allowed; see 28 U.S.C. § 1920(4) and footnote 6 |
| **Deposition of John (Chris) Brigman** | | |
| Transcript copy ($2/pg.) | $116 | Allowed; see 28 U.S.C. § 1920(2) and footnote 4 |
| Exhibit copies ($0.25/pg.) | $4.75 | Allowed; see 28 U.S.C. § 1920(4) and footnote 6 |
| **Deposition of James Hunt** | | |
| Court reporter appearance fee | $132.35 | Not allowed; see footnote 4 |
| Delivery | $25 | Not allowed; see footnote 4 |
| "Production and Code Compliance" | $45 | Not allowed; insufficient details provided |
| Transcript ($4.40/pg.) | $325.60 | Allowed; see 28 U.S.C. § 1920(2) and footnote 4 |
| **Deposition of Dustin Walley** | | |
| Court reporter appearance fee | $65 | Not allowed; see footnote 4 |
| Exhibit copies (black & white) ($0.30/pg.) | $0.30 | Allowed; see 28 U.S.C. § 1920(4) and footnote 6 |
| Delivery | $25 | Not allowed; see footnote 4 |

| | | |
|---|---:|---|
| "Production and Code Compliance" | $45 | Not allowed; insufficient details provided |
| Transcript ($3.10/pg.) | $303.80 | Allowed; see 28 U.S.C. § 1920(2) and footnote 4 |
| **Deposition of Danny Cox** | | |
| Court reporter appearance fee | $67.50 | Not allowed; see footnote 4 |
| Delivery | $25 | Not allowed; see footnote 4 |
| "Production and Code Compliance" | $45 | Not allowed; insufficient details provided |
| Transcript ($3.74/pg.) | $209.44 | Allowed; see 28 U.S.C. § 1920(2) and footnote 4 |
| **Deposition of Roger Doss** | | |
| Court reporter appearance fee | $65 | Not allowed; see footnote 4 |
| Delivery | $25 | Not allowed; see footnote 4 |
| "Production and Code Compliance" | $10 | Not allowed; insufficient details provided |
| Transcript (minimum charge) | $200 | Allowed; see 28 U.S.C. § 1920(2) and footnote 4 |
| Exhibit scanning ($0.15/pg.) | $0.15 | Allowed; see 28 U.S.C. § 1920(4) and footnote 6 |
| **Deposition of Dale Lewis** | | |
| Court reporter appearance fee | $65 | Not allowed; see footnote 4 |
| "Video Streaming Attendance" | $99 | Not allowed; insufficient details provided |
| Delivery | $25 | Not allowed; see footnote 4 |
| "Production and Code Compliance" | $25 | Not allowed; insufficient details provided |
| Transcript ($3.75/pg.) | $240 | Allowed; see 28 U.S.C. § 1920(2) and footnote 4 |

| | | |
|---|---|---|
| **Transcript of final pretrial conference** | | |
| Expedited transcript ($4.85/pg.) | $455.90 | Allowed; see 28 U.S.C. § 1920(2) and footnote 4 |
| **Printing Fees** | | |
| Demonstrative trial exhibits ($93 ea. + tax) | $391.72 | Allowed; see 20 U.S.C. § 1920(4) and footnote 6 |
| **Witness Fees** | | |
| Danny Cox (21.3 miles, $0.54/mile) | $51.50 | Allowed; see 28 U.S.C. § 1920(3) and footnote 5 |
| Charles Domiano (20 miles, $0.575/mile) | $51.50 | Allowed; see 28 U.S.C. § 1920(3) and footnote 5 |
| Roger Doss (46.85 miles, $0.54/mile) | $65.30 | Allowed; see 28 U.S.C. § 1920(3) and footnote 5 |
| Dale Lewis (9.26 miles, $0.54/mile) | $45 | Allowed; see 28 U.S.C. § 1920(3) and footnote 5 |
| Dustin Walley (83.91 miles, $0.54/mile) | $85.31 | Allowed; see 28 U.S.C. § 1920(3) and footnote 5 |
| **Copy Fees** | | |
| Jury instruction notebooks (4 copies, 347 pages each, $0.10/pg.) | $138.80 | Allowed; see 28 U.S.C. § 1920(4) and footnote 6 |
| Trial notebooks (4 copies, 297 pages each, $0.10/pg.) | $118.80 | Allowed; see 28 U.S.C. § 1920(4) and footnote 6 |
| Deposition designations (4 copies, 406 pages each, $0.10/pg.) | $162.40 | Allowed; see 28 U.S.C. § 1920(4) and footnote 6 |
| Exhibit notebooks (4 copies, 450 pages each, $0.10/pg.) | $180 | Allowed; see 28 U.S.C. § 1920(4) and footnote 6 |
| Exhibits for submission during trial (7 copies, 450 pages each, $0.10/pg.) | $315 | Allowed; see 28 U.S.C. § 1920(4) and footnote 6 |
| Transcripts and discovery filings for use in drafting motion for summary judgment (981 pages, $0.10/pg.) | $98.10 | Allowed; see 28 U.S.C. § 1920(4) and footnote 6 |

| | | |
|---|---|---|
| CSXT's motion for summary judgment and supporting materials (992 pages, $0.10/pg.) | $99.20 | Allowed; see 28 U.S.C. § 1920(4) and footnote 6 |
| CSXT's motion for summary judgment and supporting materials (997 pages, $0.10/pg.) | $99.70 | Allowed; see 28 U.S.C. § 1920(4) and footnote 6 |
| Summary judgment filings for use in preparing for hearing on motion for summary judgment (1227 pages, $0.10/pg.) | $122.70 | Allowed; see 28 U.S.C. § 1920(4) and footnote 6 |
| Jones Day's case file sent to McGuireWoods trial counsel (432 pages, $0.10/pg.) | $43.20 | Allowed; see 28 U.S.C. § 1920(4) and footnote 6 |
| Cost of obtaining Department of Labor file on Barfield's FRSA complaint | $61.50 | Allowed; see 28 U.S.C. § 1920(4) and footnote 6 |
| **TOTAL** | **$7373.66** | |

Having failed to respond to CSXT's motion to tax costs, Barfield has provided no information about his finances sufficient to satisfy his burden of providing "clear proof of … dire financial circumstances" justifying reducing costs against him. *See Chapman*, 229 F.3d at 1039 (quoted).

The Court **grants in part and denies in part** CSXT's motion, Doc. 139, **awards** it **$7373.66** in costs against Barfield, and **directs** the Clerk of Court to enter judgment in favor of CSXT and against Barfield for **$7373.66**.

**Entered** in Jacksonville, Florida, on September 14, 2017.

_____
PATRICIA D. BARKSDALE
*United States Magistrate Judge*

c: Counsel of record

    Steven Barfield
    4613 Mulberry Rock Rd.
    Dallas, GA 30157